IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTMERIT BANK, NA, as successor in interest to Midwest Bank and Trust, | ) ) ) | |
| Plaintiff, | ) | 11 C 8986 |
| v. | ) ) | Judge Virginia M. Kendall |
| ALBERT L. GRASSO, DENNIS AHRENS, and MOHAMMED H. MIRZA, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

FirstMerit Bank, NA, successor to Midwest Bank and Trust Company (in such capacity, "Plaintiff") sued Albert Grasso, Dennis Ahrens and Mohammed Mirza (together "Defendants") for breach of personal guarantees of a commercial loan. On May 21, 2012, following close of discovery, Plaintiff moved for summary judgment. In lieu of response to Plaintiff's motion for summary judgment, Defendants sought leave of this Court to add an affirmative defense of the application of the Illinois Credit Agreements Act, 815 ILCS 160/0.01 et seq. This Court denied leave via written opinion dated August 10, 2012. Defendants have now failed to respond to Plaintiff's motion for summary judgment despite twice requesting and receiving this Court's leave to extend the time allotted for filing. For the reasons set forth below, Plaintiff's motion is granted and judgment is entered against Defendants, jointly and severally.

**Undisputed Material Facts**

Pursuant to Local Rule of Civil Procedure 56.1, "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." None of Defendants have filed any response to FirstMerit's statement of

material facts. Therefore, all facts in FirstMerit's statement of material facts are deemed to be undisputed. L.R. 56.1; *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir.2012) (stating that "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed.R.Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial") (internal quotations omitted). As Defendants also have not filed a statement of additional facts, this Court has before it only FirstMerit's undisputed facts and supporting record.

On or about August 24, 2007, Midwest Bank and Trust Company ("Midwest Bank") agreed to loan Samir 1031 Woodfield, LLC ("Borrower") $3,967,000 (the "Loan"). (Def. SOF at ¶ 1). In exchange for the Loan, Borrower executed and delivered to Midwest Bank two fixed rate notes (together, the "Notes"), one in the principal amount of $2,784,000 (the "Primary Note") and one in the principal amount of $1,183,000 (the "Secondary Note"). (*Id.* at ¶¶ 2,3). Each Note, by its terms, requires payment of principal and interest in the manner provided in the Notes and the other Loan Documents (defined below). (*Id.*)

In connection with the Loan, Borrower and Midwest Bank entered into a Business Loan Agreement dated August 24, 2007 (the "Loan Agreement"). (Def. SOF at ¶ 12). As security for the Notes, Borrower granted a Mortgage and Security Agreement (the "Security Agreement"), also dated August 24, 2007, to Midwest Bank. The Security Agreement was recorded on September 7, 2007. (Complaint at Ex. 7; Answer at ¶ 13). Each of the Defendants also entered into a Guaranty agreement, each dated August 24, 2007 (each a "Guaranty" and together the "Guaranties"). (Def. SOF at ¶¶ 1-3). The Guaranties were executed by Defendants as security for the performance of the Notes and all covenants, conditions, and agreements in the Notes and the other Loan Documents.

(*Id*. at ¶ 14). The Loan Agreement, the Security Agreement, the Notes and the Guaranties together will be referred to as the "Loan Documents." The copies of the Loan Documents attached to the Complaint have been admitted by the Defendants to be true and correct copies of the documents. (Answer at ¶¶ 1, 10, 11, 12, 13).

Pursuant to each Guaranty, each Guarantor:

absolutely, irrevocably, and unconditionally guarantees to [Midwest Bank] (and its successors and assigns), jointly and severally, the payment and performance of the Guaranteed Obligations [as defined in the Guaranties] as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise. [Each] Guarantor hereby absolutely, irrevocably and unconditionally covenants and agrees that it is liable, jointly and severally, for the Guaranteed Obligations as a primary obligor, and that each Guarantor shall fully perform, jointly and severally, each and every provision hereof.

(Compl. at Exs. 1-3, each at Section 1.1; *see also* Answer at ¶ 1).

"Guaranteed Obligations" are defined in each Guaranty as:

all the obligations of Borrower under (i) the Notes; (ii) the Security Instrument; (iii) the Environmental Indemnity (as defined in the Security Instrument), including without limitation the indemnification provisions contained therein, and (iv) all of the other Loan Documents (as defined in the Security Instrument).

(Compl. at Exs. 1-3, each at Section 1.2; *see also* Answer at ¶ 16).

Also pursuant to each Guaranty, each Defendant agreed that:

[i]n the event that Guarantor should breach or fail to perform any provisions of [the] Guaranty, Guarantor shall, immediately upon demand by [Midwest Bank], pay [Midwest Bank] all costs and expenses (including court costs and reasonable attorneys' fees) incurred by [Midwest Bank] in the enforcement hereof for the preservation of [Midwest Bank's] rights hereunder.

(Compl. At Exs. 1-3, each at Section 1.8; *see also* Answer at ¶ 17).

On May 14, 2010, the Federal Deposit Insurance Corporation, as Receiver of Midwest Bank, entered into a Purchase and Assumption Agreement with FirstMerit, whereby FirstMerit purchased

3

all of the assets of Midwest Bank. (Def. SOF at ¶ 18). FirstMerit recorded an Assignment of Mortgage with the Cook County Recorder of Deeds on March 18, 2011. (*Id.* at ¶ 20).

On August 14, 2009, Borrower and Midwest Bank executed a Change in Terms Agreement, set to mature on September 1, 2010, whereby the interest rate agreed to in the Primary Note was reduced. (*Id.* at ¶ 21). Borrower and Defendants executed an Amendment to Loan Agreement and Related Loan Documents, effective September 1, 2010, which extended the maturity date to September 1, 2012. (*Id.* at ¶ 22).

Under Paragraph 6 of the Loan Agreement and Section 5 of the Notes, upon an Event of Default (as defined in the Loan Agreement) FirstMerit may, at any time and without notice, declare the Notes to be fully due and payable and proceed to enforce its rights under the Loan Documents. (Def. SOF at ¶ 24). Defendants admit receipt of a letter from FirstMerit dated July 1, 2011 (the "Demand Letter") in which FirstMerit made demand upon Borrower for full and immediate payment of all outstanding amounts owed under the Notes and Loan Documents based on an Event of Default in the form of a cross-default by Defendant Ahrens under another agreement. (Def. SOF at ¶ 25; Cmplt. Ex. 12; Answer at ¶ 28). Since receipt of the Demand Letter, additional Events of Default have occurred as a result of Borrower having failed to pay interest due and owing under the terms of the Notes from and after July 31, 2011. (Def. SOF at ¶ 26). Defendants admit that they have not made any payments to FirstMerit under the Guaranties to reduce or satisfy Borrower's obligations. (*Id.* at ¶ 30).

FirstMerit has submitted an affidavit from its Senior Vice President as to the amounts presently outstanding on the Notes. (Def. SOF at ¶ 27). The Primary Note has a principal balance of $2,600,206.74, interest through May 3, 2012 of $124,616.23, and Late Charges of $12,935.68,

for a total of $2,737,758.65. Per the terms of the Primary Note, FirstMerit is also due per diem interest on the principal balance at a rate of 6.25% ($451.42 per day) from and after May 3, 2012. The Secondary Note has a principal balance of $1,183,000.00; interest through May 3, 2012 of $56,685.42; and Late Charges of $4,632.52, for a total of $1,244,317.94. Per the terms of the Secondary Note, FirstMerit is also due per diem interest on the principal balance at a rate of 6.25% ($205.38 per day) from and after May 3, 2012. In addition to these balances, FirstMerit has requested reimbursement of the following expenses: 2010 real estate property taxes in the mount of $107,076.18; 2011 real estate property taxes in the amount of $105,626.96; and appraisal costs in the amount of $3,000. Finally, FirstMerit requests reimbursement of costs, expenses and attorneys' fees incurred in the course of enforcing the Guaranties, including the prosecution of this action.

## Analysis

A guaranty is a "third party's promise to answer for payment on or [to] fulfill an obligation if the person primarily liable fails to perform." *Dynergy Mktg. and Trade v. Multiut Corp.*, 648 F.3d 506, 519 (7th Cir. 2011) (quoting *Panno v. Nicolau*, 529 N.E.2d 95, 98 (Ill. App. 1988)). In Illinois, a *prima facie* case for enforcement of a guaranty requires proof of (i) the original indebtedness, (ii) the debtor's default, and (iii) the guaranty. *Mid-City Indus. Supply Co. v. Horowitz*, 476 N.E.2d 1271, 1277 (Ill. App. 1985). "In Illinois, a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." *F.D.I.C. v. Rayman*, 117 F.3d 994, 998 (7th Cir. 1997).

FirstMerit has shown that each Defendant breached his respective Guaranty for both the Primary Note and the Secondary Note. Defendants admit that the Guaranties attached to the

5

Complaint are true and accurate copies. Each of the Guaranties is identical and contains the obligation, joint and several, to personally pay the amounts owing under the Notes and other Loan Documents upon demand. Defendants admit that Borrower has not paid interest due and owing under the terms of the Notes from and after July 31, 2011. Defendants also admit receipt of the Demand Letter notifying both them and the Borrower of the existence of an Event of Default and FirstMerit's decision to accelerate payment on the Notes and the other Loan Documents. Finally, Defendants admit that they have not made any payments in satisfaction of the Guaranteed Obligations.

Having established the existence of the Guaranties and the Defendants' breach, FirstMerit is entitled to the payments set forth therein. Defendants have not disputed any of the terms of the Guaranties, which in any event state by clear and unambiguous language that FirstMerit, as successor to Midwest Bank, is entitled to payment on demand of principal and interest on the Notes upon the Borrower's failure to make such payment, and to payment of the fees and expenses of FirstMerit spent enforcing the Guaranty. FirstMerit has demonstrated, and Defendants have not contested, that FirstMerit is owed the following:

- The Primary Note:
    - principal balance of $2,600,206.74,
    - interest through May 3, 2012 of $124,616.23
    - Late Charges of $12,935.68
    - per diem interest on the principal balance at a rate of 6.25% ($451.42 per day) from and after May 3, 2012 through the date of this judgment
- The Secondary Note:

- principal balance of $1,183,000.00

- interest through May 3, 2012 of $56,685.42

- Late Charges of $4,632.52

- per diem interest on the principal balance at a rate of 6.25% ($205.38 per day) from an after May 3, 2012.

• Enforcement Fees and Costs:

  - $107,076.18 for 2010 property taxes

  - $105,626.96 for 2011 property taxes

  - $3,000 for appraisal costs

  - costs (including reasonable attorneys' fees) incurred in connection with this action.

## **Conclusion**

For the reasons stated herein, Plaintiff's unopposed Motion for Summary Judgment is granted and judgment is entered in favor of Plaintiff. The parties are directed to discuss reasonable attorneys' fees and submit a proposed agreed order stating the amount of the judgment, including the amounts set forth above, the per diem interest calculation for each Note from and after May 3, 2012 until the date of this judgment, and the costs, expenses, and reasonably attorneys' fees, all owed jointly and severally by Defendants. In the event the parties cannot agree as to the reasonable fees and costs, the parties shall submit position papers as to reasonable fees and costs in lieu of the agreed order.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 22, 2012